ANTHONY BARBETTA, Appellant, v. GRISTEDE BROS., INC., Respondent, and Another, Defendant.— Action by plaintiff to recover damages for injuries claimed to have been sustained as the result of eating food unfit for human consumption, on the theory of implied warranty. Judgment of the City Court of Yonkers in favor of the respondent, Gristede Bros., Inc., dismissing the complaint, unanimously affirmed, with costs. The question of agency was determined by the trial court as one of fact. Present — Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ.

PEARL BENDERS, Respondent, v. HOLM ESTATE, INC., Appellant.— Action to recover damages for personal injuries sustained by plaintiff by reason of falling while entering a lavatory on the defendant's premises. Judgment reversed on the law and the facts, with costs, and complaint dismissed on the law, with costs. The proof discloses no negligence on the part of the defendant. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

SAMUEL CONVISSAR, as Administrator, etc., of TILLIE CONVISSAR, Deceased, ISIDORE T. CONVISSAR, MELODY LANE, an Infant by Her Guardian ad Litem, MADELINE LANE, MADELINE LANE, MALVAN LANE and JOSEPHINE LANE, Appellants, v. JULIUS FRANK, Respondent, and KATE FRANK, Defendant.— Action to recover damages for wrongful death, personal injuries, and property damage arising from the collision of two automobiles. Judgment in favor of respondent and order on reargument denying plaintiffs' motion to set aside the verdict and for a new trial reversed on the law and the facts, and a new trial granted, with costs to appellants to abide the event. The record clearly indicates that the jury became confused as to the rules of the road in the operation of automobiles at intersecting highways. In the interests of justice there should be a new trial. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

EDWARD BERNARD DAVIES, Respondent, v. MARY E. SHOCK DAVIES, Appellant.— In an action for absolute divorce in which, after the trial of issues of adultery, an interlocutory judgment in favor of the plaintiff husband was duly entered, an order was thereafter duly entered denying a motion of the defendant wife to have a provision made in the final judgment to be entered for payment to her of fifty dollars a week as and for alimony. From that order defendant appeals. Order affirmed, without costs. No opinion. Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.